OPINION OF THE COURT
Howard Spitz, J.
Motion for an order by the Law Guardian vacating the warrant issued by this court on September 14, 1995 is denied.
On August 31, 1990, the subject child, J. G., was placed in the care and custody of the Commissioner via a voluntary *841 placement agreement executed by his then custodian. J.’s mother, R. G., had died on June 15, 1989, and his father, J. G., was subsequently found by this court to have permanently neglected the child. His parental rights were terminated, and J. was freed for adoption. J.’s foster care status has been periodically reviewed by this court, most recently on July 17, 1995, at which time foster care was continued to July 6, 1996.
By letter dated August 17, 1995, the Department of Social Services notified the court that the child had absconded from his placement facility and requested that the court issue a warrant. The court granted that request. The Law Guardian, via the instant motion, presents a novel question of law in that he claims that the court has no jurisdiction to issue an arrest warrant for a child who absconds from a foster care placement of this type.
Many sections of the Family Court Act specifically authorize the court to issue warrants in different types of proceedings. (See, Family Ct Act §§ 312.2 [juvenile delinquency], 428 [support], 526 [paternity], 671 [guardianship], 725, 738 [Persons in Need of Supervision (PINS)], 827 [family offenses], 1037 [child abuse and neglect].) Warrants in these cases are issued for a respondent, a parent or a person legally responsible for a child. The provisions do not authorize the issuance of warrants for children who, while subjects of the proceedings, may not necessarily be respondents. Moreover, while both Family Court Act § 1073 and section 205.85 of the Uniform Rules for the Family Court (22 NYCRR) contain procedures to be followed when a child who is placed absconds from an article 10 placement, they generally grant the court discretion to revoke its order, and to take whatever action "the court may deem appropriate”. In addition, section 153 of the Family Court Act, while allowing the court to issue a warrant for a child "in a proper case”, restricts such action to a pending hearing or proceeding. This court can find no statutory authority which specifically permits it to issue a warrant for a child who is in foster care placement and freed for adoption pursuant to Social Services Law § 384-b, and for whom there is no pending proceeding.
If this court were to strictly rely upon the lack of statutory authority, the inquiry would necessarily end here, and the motion would be granted. However, this court as parens patriae will not allow the absence of specific authority to paralyze it from acting in the best interests of the subject child. Although the Law Guardian is correct when he states that there is no pending proceeding in which the court could exercise jurisdic *842 tion, there is, however, an extant order of this court issued pursuant to section 392 of the Social Services Law. Subdivision (9) states that the court possesses continuing jurisdiction in proceedings brought under that section. That authority, combined with section 153 of the Family Court Act, provides sufficient basis for the court to issue a warrant for the child in the case at bar. While the court could have directed the Commissioner to file a PINS petition under article 7, this is a circuitous route to which foster care custodians should not be compelled to resort.
As discussed above, the court recognizes the absence of direct statutory authority that would allow it to issue a warrant or take other remedial action when a nonrespondent child absconds from a foster care placement. The court also appreciates the potential problems and harsh nature of an arrest warrant. However, these are issues that should be addressed by the Legislature. Until such time as the statutory gaps are filled in, the court will continue to exercise its continuing jurisdiction in the aforesaid manner.
Accordingly, the motion is denied in its entirety.